# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| IN RE:<br><br>Allen L. Wilt and<br>Diane M. Wilt,<br>                Debtors | CHAPTER 13<br><br>CASE NO.: 16-18810-elf |
| Bank of America, N.A., its assignees and/or successors in interest,<br>                Movant<br><br>vs.<br><br>Allen L. Wilt and<br>Diane M. Wilt,<br>                Respondent<br>William C. Miller,<br>                Trustee | **HEARING DATE:**<br>Tuesday, January 7, 2020<br>9:30 a.m.<br><br>**LOCATION:**<br>U.S. Bankruptcy Court<br>Robert N.C. Nix Federal Courthouse<br>Courtroom No. 1<br>900 Market Street<br>Philadelphia, PA 19107 |

## **MOTION FOR RELIEF FROM AUTOMATIC STAY**

Movant, by its Attorney, Jason Brett Schwartz, Esquire, hereby requests a termination of Automatic Stay and leave to foreclose on its mortgage on real property owned by Debtors.

1.  Movant is Bank of America, N.A., its assignees and/or successors in interest.

2.  Debtors Allen L. Wilt and Diane M. Wilt are owners of premises **23 Ridley Ave, Aldan, Pennsylvania 19018** hereinafter known as the mortgaged premises.

3.  Movant is the current payee of promissory note dated July 22, 2008 in the principal amount of $186,871.00 ("Note" herein) secured by said senior mortgage of same date ("Mortgage" herein) upon property generally described as **23 Ridley Ave, Aldan, Pennsylvania 19018** and legally described as set forth in the Mortgage ("Property" herein). Movant was assigned the beneficial interest in said Mortgage by an Assignment of Mortgage dated April 2, 2012.

4.      Carrington Mortgage Services, LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

5.      Movant has wishes to institute foreclosure proceedings on the mortgage because of Debtors' failure to make the monthly payment required thereunder.

6.      The foreclosure proceedings were stayed by the filing of the instant Chapter 13 Petition.

7.      Debtors have failed to make all current payments on said mortgage subsequent to filing of the instant Bankruptcy Petition.

8.      As of November 27, 2019, the outstanding Obligations are:

| Unpaid Principal Balance | $155,589.19 |
|---|---|
| Unpaid, Accrued Interest | $7,462.56 |
| Escrow/Impound | $5,038.19 |
| FHA Premium Due HUD | $62.60 |
| Late Charges Due | $827.86 |
| Fees Currently Assessed | $120.00 |
| Minimum Outstanding Obligations | $169,100.40 |

9.      In addition to the other amounts due to Movant reflected in this declaration, as of the date hereof, in connection with seeking the relief requested in the Motion, Movant has also incurred $1,231.00 in legal fees and costs.  Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

10.      The following chart refers only to the number and amount of outstanding post-petition payments due pursuant to the terms of the Note.  Any payments that have been or may be

received post-petition are applied to the next <u>contractual</u> post-petition date:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 5 | 8/1/2019 | 12/1/19 | $1,918.30 | $9,591.50 |
| Less post-petition partial payments: | | | | ($781.89) |
| **Total: $8,809.61** | | | | |

11. Movant has cause to have the Automatic Stay terminated as to permit Movant to complete foreclosure on its mortgage.

WHEREFORE, Movant respectfully requests that this Court enter an Order modifying the Automatic Stay under Section 362(e) with respect to the mortgaged premises as to permit Movant to foreclose on its mortgage and allow Movant or any other purchaser at Foreclosure Sale to take legal action for enforcement of its right to possession of said premises.

Movant further requests that the Order waives the 14-day stay described by Bankruptcy Rule 4001(a)(3).

Movant further requests an Order that, in addition to foreclosure, permits activity necessary to obtain possession of said collateral; therefore, Bank of America, N.A. is permitted to engage in loss mitigation activity, including short payoff, short sale and the obtaining of a deed-in-lieu of foreclosure including authorization to negotiate inferior liens. Bank of America, N.A. is further permitted to send information regarding these loss mitigation options directly to the debtor.

Respectfully submitted,

MESTER & SCHWARTZ, P.C.

/s/ Jason Brett Schwartz
Jason Brett Schwartz, Esquire
Counsel for Movant
1333 Race Street
Philadelphia, PA 19107
Telephone (267) 909-9036
Facsimile (215) 665-1393
E-Mail: jschwartz@mesterschwartz.com
FHAC.241-4965